J-S27026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY MORGAN POLLARD, SR. | : | |
| | : | |
| Appellant | : | No. 1729 MDA 2022 |

Appeal from the PCRA Order Entered December 7, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  2022-04408,
CP-40-CR-0003717-2011

| | | |
|---|---|---|
| WESLEY MORGAN POLLARD SR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LONNIE OLIVER AND SAMUEL M. SANGUEDOLCE, ESQ. | : | No. 13 MDA 2023 |

Appeal from the Order Entered December 7, 2022
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
CP-40-CV-04408-2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 23, 2023**

Wesley Morgan Pollard, Sr. appeals from the order dismissing his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" ("*habeas* petition"), which the court treated as an untimely third petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Since the claim raised by Appellant is

cognizable under the PCRA, we agree that the court lacked jurisdiction to correct Appellant's illegal sentence. We therefore are constrained to affirm.

This matter has a substantial procedural history. It is sufficient to recount that Appellant pled guilty to one count of involuntary deviate sexual intercourse in 1990. He then registered as a sexual offender pursuant to Megan's Law III in 2007. In 2012, following a jury trial, he was convicted of failing to provide accurate information pertaining to his registration in violation of 18 Pa.C.S. § 4915(a)(3), an offense created through the enactment of Megan's Law III. The trial court sentenced Appellant to ten to twenty years of incarceration.

Appellant filed his first PCRA petition as to his § 4915 conviction in 2014, which was ultimately dismissed by the PCRA court. On appeal, we affirmed the order denying relief. Appellant subsequently filed a second PCRA petition and a petition for writ of *habeas corpus* in 2018. The PCRA court found that the petition for writ of *habeas corpus* was subsumed by the PCRA and dismissed the second PCRA petition as untimely.

On appeal to this Court, Appellant argued that (1) the PCRA court committed reversible error when it held that that his petition for writ of *habeas corpus* was subsumed by the PCRA; and (2) the rule articulated in ***Commonwealth v. Derhammer***, 173 A.3d 723 (Pa. 2017), determining that convictions under Megan's Law III are null and void, should constitute a substantive rule that should apply retroactively in the context of the PCRA. ***See Commonwealth v. Pollard***, 221 A.3d 255 (Pa.Super. 2019) (non-

precedential decision at 2). We rejected both of Appellant's arguments and affirmed the denial of relief.

Appellant then filed two petitions for *habeas corpus* relief in the United States District Court for the Middle District of Pennsylvania, one in 2020 and the other in 2021. The district court denied both petitions in 2022.

On May 18, 2022, Appellant filed *pro se* in the trial court the *habeas* petition that is the subject of the instant appeal. The *habeas* petition named as respondents the superintendent of State Correctional Facility Albion and the District Attorney of Luzerne County. It was filed to a docket number in the court's civil division, separate from Appellant's criminal matter. The court appointed counsel, who filed a "Supplemental Petition for *Habeas Corpus* and/or Post Conviction Relief Act Petition." The court heard argument on the *habeas* petition and the supplemental filing. During argument, Appellant's counsel cited **Commonwealth v. McIntyre**, 232 A.3d 609 (Pa. 2020),[1] to support his position that Appellant's conviction for failing to provide accurate information was void.

Treating the *habeas* petition and the supplemental petition collectively as Appellant's third petition filed under the PCRA, the PCRA court denied relief, noting it had no jurisdiction to grant an untimely PCRA petition. The order

---

[1] As will be discussed in more detail in the body of this memorandum, in **Commonwealth v. McIntyre**, 232 A.3d 609, 619 (Pa. 2020), our High Court held that upon challenge through a timely PCRA petition, a defendant's conviction arising from failure to abide by the Megan's Law III registration requirements must be regarded as void.

denying relief was filed at both the civil docket where the *habeas* petition was filed and the docket involving Appellant's criminal matter. Appellant timely filed a notice of appeal in both cases, which have been consolidated on appeal.

Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review, which are re-ordered for ease of disposition:

I.    Whether the court abused its discretion or committed an error of law in construing his *habeas corpus* petition as a PCRA.

II.   Whether the court committed an error of law when it held that [Appellant] had a remedy under the [PCRA] and therefore was ineligible for relief via a petition for Writ of *habeas corpus*.

III.  Whether the court erred in failing to find that the PCRA time limit requirements were unconstitutional because they deny [Appellant] an opportunity to present his claims in a meaningful time and manner.

IV.   Whether the rule that convictions under Megan's Law III are null and void is a substantive rule that should apply retroactively in the context of the PCRA.

V.    Whether the holding in **Commonwealth v. McIntyre** operates as an exception to the PCRA time bar.

Appellant's brief at 1 (cleaned up)[2].

In his first two issues, Appellant argues that the PCRA court erred in treating the *habeas* petition as if it were an untimely third PCRA petition. **See**

_____

[2] We note with displeasure that Appellant discusses all five of these issues in a single argument section of his brief, in violation of Pa.R.A.P. 2111(a) (stating that each argument section shall be "divided into as many parts as there are questions to be argued"). Counsel is cautioned to comply with the rules of appellate procedure in future filings.

Appellant's brief at 9-13. Our Court has articulated the following standard and scope of review pertaining to denial of a petition for writ of *habeas corpus*: "Ordinarily, an appellate court will review a grant or denial of a petition for writ of *habeas corpus* for abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. McClelland***, 233 A.3d 717, 732 (Pa. 2020) (cleaned up). Further, because Appellant's claims also invoke the PCRA, we note that "[o]n appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Wharton***, 263 A.3d 561, 567 (Pa. 2021) (cleaned up).

In support of his arguments, Appellant asserts that pursuant to ***Derhammer***, his conviction for failing to provide accurate information is void *ab initio*. ***See*** Appellant's brief at 8-9. He further contends that he is not entitled to relief under the PCRA because he is not seeking to vacate an illegal sentence, but rather to have the court recognize that his sentence was void from inception. ***Id***. at 9-10. Since his claim is not cognizable under the PCRA, he believes he may seek redress pursuant to a petition for writ of *habeas corpus*, such as the *habeas* petition at issue, and that the PCRA court erred in treating his petition as one filed pursuant to the PCRA. ***Id***.

We review these issues with the following principles in mind:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **See Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998); **see also Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013) (cleaned up). Pursuant to the PCRA, a petitioner is eligible for relief if he has been convicted of a crime and proves, *inter alia*, "[t]he imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii).

Critically, our Court considered and rejected Appellant's very same arguments on appeal from the denial of his second PCRA petition.[3] **See Pollard**, **supra**, at 3-4. There, after summarizing the pertinent law, we found that "[Appellant] attempts to circumvent the PCRA time-bar by labeling his petition a writ of *habeas corpus*." **Id**. (cleaned up). We noted that "[d]espite [Appellant]'s attempt to label his request for relief as a petition for writ of *habeas corpus*, relief was available under the PCRA and, therefore, his claim is subsumed by the PCRA and subject to the one-year time period." **Id**.

_____

[3] Indeed, the arguments in Appellant's brief filed in that matter largely mirror and, in many cases, are identical to the brief filed in the instant appeal.

(cleaned up). Appellant does not discuss this Court's prior ruling on his claim or offer any reason to suggest that the result should be different this time.

Additionally, our conclusion is supported by our Supreme Court's ruling in **McIntyre**, **supra**. There, McIntyre argued that after the decisions in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), and **Derhammer**, the criminal statute at 18 Pa.C.S. § 4915 (relating to failing to register under Megan's Law III) became null and void dating back to its inception, and thus, it was as if it never existed. **See id**. at 436. The High Court agreed, determining that McIntyre was entitled to relief based on his timely-filed PCRA. **See id**. at 445. As such, the Court necessarily recognized that a claim asserting that a sentence was void *ab initio* constitutes a challenge to the legality of a sentence, and therefore falls within the purview of, and is eligible for relief under, the PCRA. **See id**. at 339. Since Appellant's claim is identical to that raised in **McIntyre**, it is cognizable under the PCRA and "must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Taylor**, **supra** at 466.

Appellant concedes that none of the PCRA's enumerated timeliness exceptions apply and therefore his petition is patently untimely. **See** Appellant's brief at 10. Nonetheless, he contends that the PCRA court erred in failing to find that the PCRA's timeliness requirements are unconstitutional as applied to him. **Id**. at 9, 12. His citation to authority discussing as-applied constitutional challenges is sparce. However, the thrust of his argument is

that the decisions promulgated in **Neiman** and **Derhammer** clearly make his sentence void, yet he could not file a timely PCRA petition relying on those decisions because none of the PCRA timeliness exceptions applies to him. **Id**. at 9. He also believes that the rules of statutory construction do not permit the PCRA statute to be read so as to deny relief from serving a clearly illegal sentence while also prohibiting relief under a petition for writ of *habeas corpus*. **Id**. at 11-12. In short, he laments that he has no vehicle through which to challenge his illegal sentence in light of decisional law entered after his sentence became final. **Id**. at 9, 12.

> In considering this issue, our Supreme Court observed the following:

> We have repeatedly found the PCRA's time restrictions constitutional. **See Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004) ("[T]his Court has held that the PCRA's time restriction is constitutionally valid."); **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("We have . . . recognized that the PCRA's time restriction is constitutionally valid[.]"). We have held, however, that just because the PCRA is generally constitutional does not mean it is constitutional as applied to a particular petitioner. There is no federal constitutional guarantee of post-conviction collateral relief and the procedural due process protections in such proceedings are less stringent than either a criminal trial or direct appeal. Due process requires that the PCRA process is fundamentally fair. Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

**Wharton**, **supra** at 570-71 (cleaned up).

The Commonwealth argues that Appellant had the opportunity to make the instant "as-applied" challenge at the time he filed his second PCRA petition. **See** Commonwealth's brief at 11. It further notes that at the time

he filed that petition, **Derhammer**, on which he relies, was already decided. **See id**. at 11. Finally, it asserts that Appellant has failed to cite any law supporting his claim, thus making it meritless. **See id**. at 10.

After careful review, we agree with the Commonwealth that Appellant is not entitled to relief. We are unconvinced by Appellant's allegation that he has not had a fair opportunity to present the claims he asserts in the *habeas* petition, as supplemented. At the time Appellant was convicted in 2012, and before his sentence became final, he had the same opportunity to argue that his conviction was void because Megan's Law III was unconstitutional as did the defendant in **Neiman**. The fact that Appellant did not to do so does not permit him to circumvent the PCRA timeliness exceptions simply because he did not have the benefit of the efforts of other petitioners. Accordingly, we do not find that he was not "given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." **Wharton**, **supra** at 571. Appellant has not convinced us that the PCRA time limitations are unconstitutional as applied to him. **See Commonwealth v. Turner**, 80 A.3d 754, 769 (Pa. 2013) (holding that "in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition . . . the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review" (cleaned up)).

Next, Pollard argues that the rule articulated in **Derhammer** is a substantive rule that should apply retroactively in the context of his PCRA

petition. *See* Appellant's brief at 13-14. That claim was explicitly rejected by this Court on appeal from his second PCRA petition in *Pollard*, *supra*. Specifically, we held that,

> because [Appellant]'s PCRA petition is untimely, he must demonstrate that the United States Supreme Court or the Pennsylvania Supreme Court has held that the rule in *Derhammer* applies retroactively in order to satisfy [§] 9545(b)(1)(iii). He has not. Because at this time no such holding has been issued, [Appellant] cannot rely on *Derhammer* to meet the timeliness exception.

*Id*. at 4. Now, as then, Appellant does not point to any decisions by our High Court or the Supreme Court of the United States stating that *Derhammer* applies retroactively with regard to PCRA claims. As such, he is not entitled to relief on this issue.

Finally, Appellant claims that he is entitled to relief pursuant to *McIntyre*, which should act as an exception to the PCRA's a time bar. *See* Appellant's brief at 1. However, after initially raising this question, he never again cites or discusses *McIntyre* within his brief. He sets forth no argument or explanation as to how *McIntyre* allegedly entitles him to relief. "Rule 2119 of Pennsylvania Appellate Procedure requires that an appellant's brief identify the issue or issues to be reviewed by this Court, followed by citations to legal authority supporting the claim." *Commonwealth v. Midgley*, 289 A.3d 1111 (Pa.Super. 2023) (citation omitted). "Where the appellant fails to develop an issue or cite legal authority, we will find waiver of that issue." *Id*. Moreover, "[t]his Court will not act as counsel and will not develop arguments on behalf

of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). Accordingly, we find this issue waived.[4]

We acknowledge that pursuant to ***McIntyre***, Appellant is serving an illegal sentence. However, "although legality of [a] sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Armolt***, 294 A.3d 364, 378 (Pa. 2023) (cleaned up). Since the *habeas* petition was properly treated by the PCRA court as an untimely PCRA petition, and Appellant cannot overcome the PCRA's timeliness restrictions, we are constrained to hold that Appellant is not entitled to have his illegal sentence vacated.

Order affirmed.

---

[4] Moreover, even if this issue were not waived, Appellant would not be entitled to relief. To the extent ***McIntyre*** clarifies that a conviction for failing to register under Megan's Law III cannot stand because its enactment in violation of the single-subject rule rendered the statute void *ab initio*, this relief is limited to circumstances wherein the conviction is challenged in timely PCRA proceedings. ***See Commonwealth v. Wadsworth***, 249 A.3d 1134 (Pa.Super. 2021) (non-precedential decision at 9-10). In ***Wadsworth***, we expressly rejected the notion that an appellant, whose PCRA petition was untimely and did not satisfy any time-bar exception, would be entitled to vacate an illegal sentence pursuant to ***McIntyre***. Although the holding articulated in ***Wadsworth*** is not binding upon us, we find the rationale supporting its conclusion persuasive.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/24/2023</u>